United States District Court
Southern District of Texas
**ENTERED**
July 29, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Cristina Rivera Rodriguez, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-3792 |
| | § | |
| Randy Tate, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Cristina Rivera Rodriguez is a native and citizen of Mexico charged with illegally entering the United States in 2022. Doc. 15-1. On November 16, 2025, she was detained by the Department of Homeland Security pursuant to 8 U.S.C. § 1225(b)(2)(A), and she remains in the custody of Respondent, Warden of the Montgomery Processing Center, in Conroe, Texas. Doc. 1-1 ¶ 9. Petitioner seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 on the grounds that her present detention without a bond hearing violates (i) substantive due process; (ii) procedural due process; (iii) the Immigration and Nationality Act, and (iv) the Suspension Clause of Article I of the Constitution. Doc. 1-1 ¶¶ 35–50.

Now before the Court is Respondent's Motion for Summary Judgment, Doc. 15, to which Petitioner has responded in opposition, Doc. 16. Respondent maintains that Petitioner is not entitled to a bond hearing because she is an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) and is therefore subject to mandatory detention pending her removal proceedings. *See* Doc. 15 at 3; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

This Court has previously resolved the precise challenges raised by Petitioner, determining that the government may subject aliens awaiting a final removal order to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Campos Bernal v. Frink*, 4:26-cv-2239, 2026 WL 1804234 (S.D. Tex. June 23, 2026). The Court held that for aliens such as Petitioner, pre-removal-order detention is both demanded by the Immigration and Nationality Act and a constitutionally permissible part of the removal process. *See id.* at *1, *4 (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)).[1]

As such, Respondent's Motion for Summary Judgment is GRANTED, and the Petition for writ of *habeas corpus* is DENIED. This action is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to CLOSE this case. A final judgment will be entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 29th of July, 2026.

Nicholas J. Ganjei
United States District Judge

---

[1] To the extent Petitioner argues her present detention is not rationally related to the regulatory purpose of civil detention, *see* Doc. 1-1 ¶ 37, the Court also considered and rejected this argument. *Campos Bernal*, 2026 WL 1804234 at *4 n.4.